RENDERED:  JANUARY 3, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

## NO. 2023-CA-0820-MR

MANAGEMENT REGISTRY, INC.,
D/B/A MALONE WORKFORCE
SOLUTIONS                                                                       APPELLANT

v.
APPEAL FROM JEFFERSON CIRCUIT COURT
HONORABLE MELISSA L. BELLOWS, JUDGE
ACTION NO. 19-CI-001374

MARY PURO                                                                        APPELLEE

OPINION
AFFIRMING IN PART, VACATING IN PART,
AND REMANDING

** ** ** ** **

BEFORE:  COMBS, A. JONES, AND TAYLOR, JUDGES.

TAYLOR, JUDGE:  Management Registry, Inc., d/b/a Malone Workforce

Solutions (MRI) brings this appeal from a June 20, 2023, Opinion and Order of the

Jefferson Circuit Court denying MRI's motion to dismiss, motion to compel

arbitration, and motion to award attorney's fees. We affirm in part, vacate in part, and remand.

In December of 2016, Mary Puro became employed by MRI as a Business Development Director in its healthcare division. As part of MRI's onboarding process in early January of 2017, Puro executed two relevant documents. The first document was entitled Dispute Resolution Program, and it set forth the protocol for resolving workplace problems, including the arbitration process; the second document, entitled Employee Agreement, set forth various employment provisions, including an arbitration clause. We shall refer to the two documents collectively as the Arbitration Agreements.

Shortly after Puro began her employment with MRI, Puro identified several practices within the company that she believed were problematic. For example, Puro believed MRI was regularly performing services outside of its certificates of need and was billing Medicaid for services it could not substantiate. Puro apparently reported these problems to her supervisor and attempted to report the problems to MRI's owners.

On June 15, 2018, Puro broke her left ankle and her right foot. As a result of her injuries, Puro took a brief leave from her employment. When Puro returned to work, she was confined to a wheelchair. MRI subsequently terminated Puro's employment in late June of 2018.

Puro filed a complaint against MRI in the Jefferson Circuit Court on March 4, 2019. Therein, Puro asserted claims of retaliation, wrongful termination, age discrimination, perceived disability discrimination, and violation of the Family Medical Leave Act. MRI responded by filing a motion to dismiss or, in the alternative, a motion to compel arbitration. MRI also sought attorney's fees and costs. Puro responded to MRI's motion by asserting that the arbitration clause in the Employment Agreement was unenforceable under the version of Kentucky Revised Statutes (KRS) 336.700 in effect at that time (1994 Version of KRS 336.700).

By order entered May 1, 2019, the circuit court dismissed Puro's claims against MRI and awarded MRI attorney's fees and costs. The circuit court specifically noted that the legislature had passed Kentucky State Senate Bill 7 on March 25, 2019. Senate Bill 7 amended the 1994 Version of KRS 336.700;[1] however, it did not become effective until June 27, 2019 (2019 Version of KRS 336.700). Although the 2019 Version of KRS 336.700 was not yet effective, the circuit court applied same and determined that the Arbitration Agreements between Puro and MRI were valid and enforceable. As such, the circuit court dismissed

---

[1] Generally, the 1994 statute prohibited an employer from requiring an employee to waive statutory rights as a condition of employment. Subsection (2) specifically prohibited employers from requiring the arbitration of employee claims as a precondition for employment. The 2019 amendment specifically allows an employer to require the arbitration of employment claims as a precondition of employment.

Puro's complaint and ordered Puro to pay attorney's fees and costs to MRI. The circuit court directed MRI to submit an affidavit of attorney's fees and costs.

On May 16, 2019, Puro filed a response and objection to MRI's petition for attorney's fees. Therein, Puro asserted that the 1994 Version of KRS 336.700, which was still in effect, was the applicable version of the statute and the circuit court erred by applying the 2019 Version of KRS 336.700, which was not yet effective. By order entered May 16, 2019, the circuit court ordered Puro to pay MRI's attorney's fees of $5,737.50.

On May 23, 2019, Puro filed a Motion to Vacate and Reconsider pursuant to Kentucky Rules of Civil Procedure (CR) 59.05 and 60.02. By Order entered May 29, 2019, the circuit court denied Puro's motion stating:

> [T]he Court finds that [Puro's] Motion was untimely filed as it pertains to the entitlement to attorney's fees, inasmuch as the Court's final Order was entered May 1, 2019, and no Motion to Alter, Vacate, or Amend was timely filed in response therefor. Moreover, [Puro] failed, entirely, to challenge the reasonableness of [MRI's] Affidavit, in terms of either hourly rate or the number of hours expended. As such, [Puro] has failed to preserve the issue of either entitlement to the attorneys' fees, nor the reasonableness thereof. As such, [Puro's] Motion is OVERRULED in its entirely.

May 29, 2019, Order at 1. Puro filed a Notice of Appeal from the May 29, 2019, order (Appeal No. 2019-CA-0843-MR). While Appeal No. 2019-CA-0843-MR

-4-

was pending, the 2019 Version of KRS 336.700 became effective on June 27, 2019.

Another panel of this Court rendered an Opinion in Appeal No. 2019-CA-0843-MR on November 20, 2020, affirming the circuit court's May 1, 2019, order (with Judge Allison Jones dissenting). In so doing the majority determined:

> Consequently, where the legislature makes clear that an amendment to a law is retroactive, as it specifically and clearly does in the amended language of KRS 336.700, it would be incumbent upon this Court to apply the law in effect at the time of the writing of this Opinion. Our duty as an appellate court is to apply the most recent legislative pronouncement on an issue pending before this Court when the legislature makes the new law or amendment retroactive. Such law delineates that the amended version of KRS 336.700 controls.

*Puro v. Management Registry, Inc., d/b/a Malone Workforce Solutions*, No. 2019-CA-0843-MR, 2020 WL 6819163, at *4 (Ky. App. Nov. 20, 2020).

Puro subsequently filed a motion for discretionary review with the Kentucky Supreme Court. The Supreme Court granted discretionary review (Appeal No. 2021-SC-0060-DG), and by Opinion rendered February 24, 2022, the Supreme Court reversed the Court of Appeals and remanded to the circuit court as follows:

> To put the preeminent issue as plainly as possible, the question is whether the trial court erred by applying a law not then in effect to dismiss [Puro's] suit for reasons not argued by either party. Puro argues that though the order granting the motion to dismiss was not *sua sponte*,

-5-

the court's basis in law for granting that order was *sua sponte*, which denied [Puro] the protections of procedural due process she is entitled to under law.

. . . .

While we commend the trial court's effort to anticipate a change in the law, due process required, at the bare minimum, that it allow Puro the opportunity to be heard on the issue. It did not afford her such an opportunity. Therefore, we hold that the trial court's failure to afford the appellant the most basic procedural protections, notice of its intention and an opportunity to respond, is unjustifiable, constitutionally defective, and requires reversal.

Because we are remanding this matter for proceedings consistent with this opinion, the issue of preservation is moot. However, we note that Judge Jones' view is correct: "The irregularity in process prevented Puro from effectively being able to preserve any arguments she might have had concerning the applicability, enforceability, and/or constitutionality of the newly amended version of the statute."

### III. CONCLUSION

Based on the foregoing, we reverse the Court of Appeals and remand to the trial court with instruction to allow the parties to brief the issues related to KRS 336.700 (2019) and hear argument concerning the same.

*Puro v. Management Registry, Inc., d/b/a Malone Workforce Solutions*, No. 2021-SC-0060-DG, 2022 WL 575028, at *3, 4 (Ky. Feb. 24, 2022).

Upon remand from the Supreme Court, the circuit court allowed the parties to submit written briefs followed by a second motion to dismiss and compel

-6-

arbitration filed by MRI.  Thereafter, the circuit court held the following in its June

20, 2023, order:

> [MRI] has not pointed to any evidence, beyond a boilerplate consideration clause, that it actively bargained with Puro over the jury trial waiver, or the arbitration clause for that matter.  Given their position of power over Puro, it cannot be said, with the evidence provided, that Puro's agreement to the jury trial waiver, or the arbitration agreement itself, was knowing and voluntary.
>
> Since the jury trial waiver is unenforceable, Puro does indeed have standing to challenge the constitutionality of applying KRS 336.700 retroactively to her, and this Court judges that the application of such would violate her vested right to a jury trial.  In addition, as the Court has found Puro's argument to be meritorious, the issue of attorney's fees is obviously moot at this point in the case.
>
> Wherefore, IT IS HEREBY ORDERED, that the motions to dismiss, compel arbitration, and to award attorney's fees brought by [MRI] are denied.

June 20, 2023, Order at 6.  Simply stated, the circuit court determined that Puro

had not knowingly or voluntarily waived her right to a jury trial and that

retroactive application the 2019 Version of KRS 336.700 would violate her vested

right to a jury trial.  Therefore, the circuit court denied MRI's motion to dismiss, to

compel arbitration, and to award attorney's fees.  This appeal follows.

On appeal, MRI contends the circuit court erred by denying its

renewed motions to dismiss, to compel arbitration, and to award attorney's fees.

More particularly, MRI asserts the circuit court erroneously focused on whether

Puro had waived her right to a jury trial and failed to consider the Supreme Court's mandate, which was "to decide whether the retroactive application of the amended [2019 Version of] KRS 336.700 to Puro's claim would be unconstitutional." MRI's Brief at 8. Puro responds that the circuit court properly determined that retroactive application of the 2019 Version of KRS 336.700 was improper as violative of §§ 2 and 7 of the Kentucky Constitution. We begin our analysis by an examination of both the 1994 Version of KRS 336.700 and the 2019 Version of KRS 336.700.

The 1994 Version of KRS 336.700 provided, in relevant part:

(2) Notwithstanding any provision of the Kentucky Revised Statutes to the contrary, no employer shall require as a condition or precondition of employment that any employee or person seeking employment waive, arbitrate, or otherwise diminish any existing or future claim, right, or benefit to which the employee or person seeking employment would otherwise be entitled under any provision of the Kentucky Revised Statutes or any federal law.

The 1994 Version of KRS 336.700 was enacted on April 8, 1994, and remained in effect until June 27, 2019.

The 2019 Version of KRS 336.700, which became effective June 27, 2019, provides, in relevant part:

(2) Notwithstanding any provision of the Kentucky Revised Statutes to the contrary and except as provided in subsection (3) of this section, no employer shall require as a condition or precondition of employment that

-8-

any employee or person seeking employment waive or otherwise diminish any existing or future claim, right, or benefit to which the employee or person seeking employment would otherwise be entitled under any provision of the Kentucky Revised Statutes or any federal law.

(3) Notwithstanding subsection (2) of this section:

  (a) Any employer may require an employee or person seeking employment to execute an agreement for arbitration, mediation, or other form of alternative dispute resolution as a condition or precondition of employment[.]

It is undisputed that pursuant to the 1994 Version of KRS 336.700, an employer was prohibited from requiring an employee to arbitrate any existing or future employment related claims as a condition or precondition of employment. It is equally clear that under the 2019 Version of KRS 336.700, an employer is permitted to require an employee to execute an arbitration agreement as a condition or precondition of employment. Thus, central to resolution of this appeal is whether the 1994 Version of KRS 336.700 or the 2019 Version of KRS 336.700 controls.

It is well established that basic notions of fairness support the idea "that the legal effect of conduct should ordinarily be assessed under the law that existed when the conduct took place." *Martin v. Warrior Coal, LLC*, 617 S.W.3d 391, 394 (Ky. 2021) (citations omitted). This principle has been codified in Kentucky under subsection (3) of KRS 446.080, which provides: "[n]o statute

shall be construed to be retroactive, unless expressly so declared." And, an amended version of a statute is not generally "applied retroactively to events which occurred prior to the effective date of the amendment unless the amendment expressly provides for retroactive application." *Martin*, 617 S.W.3d at 394 (citations omitted). Even if the amended version expressly provides for retroactive application, it will not be retroactively applied where "to do so would impair some vested right or violate some constitutional guaranty." *Id.* at 395. Therefore, we must determine if retroactive application of the 2019 Version of KRS 336.700 interferes with a vested right or a constitutional guarantee of Puro.

Puro alleges that the retroactive application of the 2019 Version of KRS 336.700 would violate her vested right and constitutional guarantee of a right to a jury trial. MRI, on the other hand, asserts that Puro waived her right to a jury trial when she executed the Employment Agreement containing the arbitration clause. The arbitration clause in the Employment Agreement provided that "[i]n the event that any court shall determine that this paragraph is not enforceable, both parties agree to a trial by a single judge and waive the right to a trial by jury to the maximum extent permitted by law." Employment Agreement at 7.

It is well-established that the constitutional right to a jury trial can be waived if such waiver is knowingly and voluntarily made. *See K.M.C. Co., Inc. v.*

*Irving Tr. Co.*, 757 F.2d 752 (6th Cir. 1985).[2]  And, in this case it is undisputed that Puro had the opportunity to read the Employment Agreement and subsequently signed the Employment Agreement that contained the waiver.  The terms of the Employment Agreement were clear and stated that the parties agree to waive their right to trial by jury.  Under these circumstances, we conclude that Puro knowingly and voluntarily waived her right to a jury trial.  However, our analysis does not end here.

The judges of this Court are presumed to know the law and are charged with its proper application.  *Burton v. Foster Wheeler Corp.*, 72 S.W.3d 925, 930 (Ky. 2002); *see also County Court of Fayette v. Lexington & B.S.R. Co.*, 56 Ky. 335, 343 (1856).  For the following reasons, we believe that Puro possessed a constitutional guarantee and a vested right to access the court and did not waive same.  Although not bound by, we view *Graham v. National Collegiate Athletic Association*, 804 F.2d 953, 959 (6th Cir. 1986) and *Swekel v. City of River Rouge*, 119 F.3d 1259, 1261-62 (6th Cir. 1997) as persuasive.  In *Graham*, the Court held that: "[i]t is beyond dispute that the right of access to the courts is a fundamental right protected by the Constitution."  *Graham*, 804 F.2d at 959.  In *Swekel*, the Court held that "the right of access to the courts finds support in several provisions

[2] Although not controlling, we are persuaded, as was the circuit court, by the reasoning in *K.M.C. Co., Inc. v. Irving*, 757 F.2d 752 (6th Cir. 1985).

of the Constitution including:  the Due Process Clause of the Fourteenth Amendment, . . . the Equal Protection Clause, . . . the First Amendment, . . . and the Privileges and Immunities Clause of Article IV[.]" *Swekel*, 119 F.3d at 1262.

In this case, Puro did not waive her constitutionally guaranteed or vested right to have access to the courts in the Arbitration Agreements.  It is undeniable that retroactive application of the 2019 Version of KRS 336.700 would prohibit Puro from exercising her constitutional guarantee or vested right to have access to the courts.  Consequently, we conclude that the 2019 Version of KRS 336.700 cannot be retroactively applied in Puro's case nor can she be denied a bench trial in the circuit court.  Thus, while the circuit court properly denied MRI's motion to dismiss, motion to compel, and motion to award attorney's fees, which we affirm, Puro is not entitled to a jury trial.  Accordingly, we vacate and remand for the court to conduct a bench trial on the claims asserted by Puro.

For the foregoing reasons, the Opinion and Order of the Jefferson Circuit Court is affirmed in part, vacated in part, and remanded for proceedings consistent with this Opinion.

ALL CONCUR.

| BRIEFS FOR APPELLANT: | BRIEF FOR APPELLEE: |
|---|---|
| Michael M. Denbow | Garry R. Adams |
| Michael D. Risley | Abigail V. Lewis |
| Louisville, Kentucky | Louisville, Kentucky |

*AMICUS CURIAE* BRIEF FOR
THE COMMONWEALTH OF
KENTUCKY:

Matthew F. Kuhn
Solicitor General

Jacob M. Abrahamson
Assistant Solicitor General
Office of the Attorney General
Frankfort, Kentucky